## CARLOS M. SAMPER V. THE STATE.

### No. 3098. Decided April 15, 1914.

**1.—Libel—Transcript.**

Where the alleged libel was not copied in the record, but was doubtless introduced in evidence, the cause can not be affirmed, and officers are admonished to correctly prepare statements of facts.

**2.—Same—Information.**

Where the information, upon trial of libel, followed approved precedent, there was no error.

**3.—Same—Renegade—Words and Phrases.**

Upon trial of libel there was no error in permitting the State to prove the meaning of the word "renegade."

**4.—Same—Charge of Court—Requested Charges.**

Where, upon trial of libel, the court's charge was not subject to the criticism made, especially in the light of the requested charges, there was no error on that ground.

Appeal from the District Court of Webb. Tried below before the Hon. J. F. Mullaly.

Appeal from a conviction of libel; penalty, a fine of $100.

The opinion states the case.

*Greer & Hamilton,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was convicted of libel, and his punishment assessed at a fine of $100.

The complaint was based on an article appearing in the El Progreso, of which appellant was the editor and manager. Mr. Valls testified that he took the clipping from a copy of the paper of date November 30, 1913, and translated it from Spanish into English, and the English translation is a correct and substantial translation of the Spanish, but nowhere in the statement of facts is the article copied in the record. It was doubtless introduced in evidence, but in making up the statement of facts it is omitted therefrom, and under such circumstances we would not be authorized to affirm the case. It is strange that material parts of the evidence adduced are often omitted from the record sent us, but such is frequently the case, and we hope that more care will be taken in the preparation of the statement of facts, and the officers see that it is correct before agreeing to it and permitting it to be filed.

The information we think is sufficient, and the court did not err in overruling the motion to quash it.

Neither do we think the court erred in permitting the State to prove the meaning of the word "renegade." The court could have legally defined this word in his charge, and proof of its literal meaning would not present error.

The court's charge is not subject to the criticisms contained in appellant's objections thereto, and especially is this true when we take into consideration the two special charges given at appellant's instance and request.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*